By the Court.
Bosworth, J.
Tbe Judge presiding at tbe trial, charged tbe jury that there was no negligence, on tbe facts proved, in harnessing tbe two horses together, and in driving them through tbe streets of a crowded city.
That as to tbe manner of harnessing them, “ tbe evidence is, that tbe harness was new and strong, and properly adjusted.”
Although we may think tbe evidence was such as to make it proper to have submitted to tbe jury tbe question whether there was not negligence in tbe manner of harnessing tbe horses, which was tbe actual cause of tbe catastrophe that followed, yet, for all tbe purposes of tbis motion, tbe defendant is entitled to have it decided on tbe assumption that such instructions were correct.
If that fact ought to have been passed upon by tbe jury, tbe court is not authorized, upon a bill of exceptions, to decide such, or any other facts, against either party.
As to tbe manner of driving generally, by defendant’s servant, and whether tbe horses were properly guided after they bad commenced running, tbe court left it to tbe jury to determine, under general instructions sufficiently favorable to tbe defendant.
There is no part of tbe charge of which tbe defendant can complain, unless it be tbe particular instruction, given at the'plaintiff’s request, at tbe close of tbe general charge.
Tbe Judge, in effect, charged tbe jury, that if there was no negligence on tbe part of tbe plaintiff in bis wagon being where it was, and if tbe defendant’s servant ran against tbe feed wagon in order to save himself from greater peril, and such act caused *478 tbe injury, tbe defendant was liable, even if tbe act was a prudent one in order to stop tbe borses. To tbis part of tbe charge tbe defendant excepted.
It may be said that tbis part of tbe charge assumes that tbe defendant’s servant ran designedly against tbe feed wagon, with a view to save himself from greater peril. But, properly construed, it was an instruction to tbe jury, that although tbe borses may have run away without any fault or negligence of defendant’s servant, yet tbe defendant was bable, if tbe servant caused tbe injury by running against tbe feed wagon, although be ran against it solely with a view to bis own personal safety, provided tbe act was a prudent one by which to stop defendant’s borses.
It was undoubtedly tbe duty of tbe servant to arrest tbe speed of tbe borses in tbe most prudent manner, with reference to their safety, as well as that of persons and property with which they were in imminent danger of coming in collision.
I think tbe charge should be understood to mean, that if tbis act was a prudent one, with reference to tbe duty of tbe servant to tbe master, it was one which, looking only to that duty, be should have performed; and although bis thoughts may have been mainly occupied in consulting bis own personal safety, yet, if tbe act was found to be of tbis prudent character, tbe master is liable for tbe consequences of it, to others, notwithstanding tbe motive which prompted it.
Tbe charge does not assume that there was any intention to injure tbe plaintiff’s property, nor that tbe servant must have anticipated such a result would follow. It was not tbe plaintiff’s wagon against which be ran tbe borses, but another wagon, at tbe time of tbe collision near to it.
We think tbe jury must be deemed to have found the act a prudent one, so far as tbe interests of tbe defendant were concerned. If tbe motive prompting it, bad been tbe greater safety and security of tbe master’s property, tbe act could not have been said to be a departure from tbe master’s business.
Perhaps tbe charge should have been more explicit, and stated that it must not only have been a prudent method to be pursued in order to stop tbe borses, but one which would probably cause tbe master less loss, with reference to all tbe probable conse *479 quences, than would have ensued from pursuing any other course, which it then seemed practicable to adopt.
What it was intended the jury should understand by the proposition, “that it was prudent for the defendant’s servant to run against the feed wagon to stop his horses,” it is difficult to conceive, if it was not meant that by finding it a prudent act, they were to find it one, which a proper regard to the defendant’s pecuniary interests demanded. In that view, the whole request to charge assumes that the act, which the servant supposed would expose him to the least personal peril, was one which it was prudent to perform, if done with a sole regard to the master’s interests.
Still this charge may be open to the objection, that the jury may have found, that the horses ran away, from a cause beyond the servant’s control, and without any fault on his part; that there was no want of proper effort to prevent a collision with some one; that a collision with some one was inevitable, and that the act of driving against the feed wagon, was one which would produce less serious consequences to the defendant and to others, than any other that could have been done, under the circumstances.
If the jury may have so found, under the charge, and did so find, then the defendant must be charged, if at all, on the grounds; that his servant, when he did the act, was acting within the scope of his employment, and did an act designedly, which the interests of the master, and the duty of the servant to the master required, and that such act injured the plaintiff, without fault or negligence on his part.
But we think the jury, under the charge as given, may have found that the defendant’s servant was negligent in his driving generally, and after the horses had run away; and that there was no negligence on the part of the plaintiff contributing to the casualty. If they found this, the defendant is not exempt from liability, because his servant ran against the feed wagon to save himself from greater peril, inasmuch as it is also true, that the defendant’s son and his servant were exposed to the same peril, and the pecuniary interest of the defendant required the servant to perform this act.
Although the instinctive impulse of self-preservation prompted *480 tbe act as security against a greater personal peril, it became, at tbe moment, an act of duty if not of necessity. But tbe act was made necessary by previous negligence, for wbicb tbe master is bable, and wbicb may properly be regarded as tbe cause of tbe injury. A motion for a new trial must be denied, and a judgment in favor of tbe plaintiff entered on tbe verdict.